UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOANA SOLDADO MAGRANER,

                         Plaintiffs,

    -against-

ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION
and DELTA AIR LINES, INC.,

                         Defendant(s).
-------------------------------------------------------------------x

**Civil Action No.:** 1:22-cv-5394

**COMPLAINT &
JURY TRIAL DEMAND**

      Plaintiff, JOANA SOLDADO MAGRANER, by and through her attorneys, BOHRER & LUKEMAN, as and for her Complaint and Jury Trial Demand against defendants, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION and DELTA AIR LINES, INC., alleges the following upon information and belief:

      1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (hereinafter "the Montreal Convention"), and Plaintiff is a resident of the United States, her itinerary was purchased in the United States, and her itinerary concluded in the United States.

      2.     Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, insofar as the Defendants, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION and DELTA AIR LINES, INC., have offices and transact business in the Eastern District of New York; and that the flight in question upon which the instant cause of action arose was traveling to John F. Kennedy International Airport located within the judicial boundaries of the Eastern District of New York.

      3.     Plaintiff JOANA SOLDADO MAGRANER currently resides in Pittsburgh, Pennsylvania.

4. Defendant ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION is a foreign corporation organized under the laws of the State of Georgia, with its principal place of business in the State of Minnesota, and authorized to do business in the State of New York.

5. Defendant DELTA AIR LINES, INC. is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and authorized to do business in the State of New York.

6. At the time of the events complained of herein, Defendant ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION was a common carrier engaged in the business of transporting passengers for hire by air.

7. In furtherance of said business, Defendant ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION operates regularly scheduled commercial airline flights to and from the City and State of New York.

8. At the time of the events complained of herein, Defendant DELTA AIR LINES, INC. was a common carrier engaged in the business of transporting passengers for hire by air.

9. In furtherance of said business, Defendant DELTA AIR LINES, INC. operates regularly scheduled commercial airline flights to and from the City and State of New York.

10. In furtherance of its business as a common carrier of passengers by air, Defendant ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION transacts business on behalf Defendant DELTA AIR LINES, INC.

11. In furtherance its business as a common carrier of passengers by air, Defendant ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION operates as Delta Connection and, in that capacity, is thus a regional carrier operating its aircraft for the sole benefit of Defendant DELTA AIR LINES, INC.

12. On or about July 20, 2021, Defendant ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION operated and controlled a certain jet aircraft ("the subject aircraft") designated as

Delta Airlines Flight 4839 from Pittsburgh, Pennsylvania (PIT) to John F. Kennedy International Airport, Jamaica, New York (JFK) ("the subject flight").

13. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, at the time of the events complained of herein, on or about July 20, 2021, Defendant DELTA AIR LINES, INC. operated and controlled the subject flight.

14. On or about July 20, 2021, Plaintiff JOANA SOLDADO MAGRANER was a fare-paying passengers lawfully aboard the subject flight.

15. On or about July 20, 2021, and for some time prior thereto, Defendant ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION controlled, owned, serviced, maintained, repaired, and/or operated the subject aircraft.

16. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about July 20, 2021, and for some time prior thereto, Defendant DELTA AIR LINES, INC., controlled, owned, serviced, maintained, repaired and/or operated the subject aircraft.

17. On or about July 20, 2021, Defendant ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION employed a cabin crew responsible for the safe and secure operation of its flights, the inspection of the subject aircraft's cabin, and the safety and well-being of its passengers.

18. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about July 20, 2021, Defendant DELTA AIR LINES, INC. employed a cabin crew responsible for the safe and secure operation of its flights, the inspection of the subject aircraft's cabin, and the safety and well-being of its passengers.

19. On or about July 20, 2021, Defendant ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION was responsible for the training, management, supervision, and/or control of its flight and cabin crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

20. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, Defendant DELTA AIR LINES, INC. was responsible for the training, management, supervision, and/or control of its flight and cabin crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

21. On or about July 20, 2021, and for some time prior thereto, Defendant ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION employed one or more agents, servants, employees, and/or contractors responsible for the inspection, maintenance, and/or repair of the subject aircraft, and more specifically, the tray tables aboard the subject aircraft.

22. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about July 20, 2021, and for some time prior thereto, Defendant DELTA AIR LINES, INC. employed one or more agents, servants, employees, and/or contractors responsible for the inspection, maintenance, and/or repair of the subject aircraft, and more specifically, the tray tables aboard the subject aircraft.

23. On or about July 20, 2021, and for some time prior thereto, Defendant ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION was responsible for the training, management, supervision, and/or control of its agents, servants, employees, and/or contractors responsible for the inspection, maintenance, and/or repair of the subject aircraft, and more specifically, the tray tables aboard the subject aircraft.

24. Pleaded in the alternative and without prejudice to anything pleaded in the contrary herein, on or about July 20, 2021, and for some time prior thereto, Defendant DELTA AIR LINES, INC. was responsible for the training, management, supervision, and/or control of its agents, servants, employees, and/or contractors responsible for the inspection, maintenance, and/or repair of the subject aircraft, and more specifically, the tray tables aboard the subject aircraft.

25. On or about July 20, 2021, during the course of the subject flight, Plaintiff JOANA SOLDADO MAGRANER was seated aboard the subject aircraft.

26. The subject aircraft was equipped with individual passenger's tray tables located within the seatback directly in front of each passenger's seat, one of which was in front of Plaintiff JOANA SOLDADO MAGRANER's seat ("the tray table").

27. On or about July 20, 2021, the tray table and/or the seat to which it was attached was defective.

28. On or about July 20, 2021, Defendants, their agents, servants, employees, and/or contractors had actual notice of this defective condition.

29. On or about July 20, 2021, Defendants their agents, servants, employees, and/or contractors had constructive notice of this defective condition.

30. On or about July 20, 2021, Defendants their agents, servants, employees, and/or contractors caused and/or created this defective condition.

31. On or about July 20, 2021, during the course of the subject flight, Plaintiff JOANA SOLDADO MAGRANER was seated aboard the subject aircraft when a cup of scalding hot liquid fell from the tray table.

32. On or about July 20, 2021, while seated aboard the subject aircraft, Plaintiff JOANA SOLDADO MAGRANER was injured as a result of an accident.

33. Specifically, during the course of the subject flight, Plaintiff JOANA SOLDADO MAGRANER was seated aboard the subject aircraft when she was injured as a result of contact with scalding hot liquid as a result of a defect of the tray table and/or in the seat to which it was attached.

34. Plaintiff's injuries resulted from an accident pursuant to Article 17 of the Montreal Convention, in that the injuries were caused by an unexpected or unusual event or occurrence external to the Plaintiff, and not by Plaintiff's internal reaction to the normal operation of the aircraft.

35. As a result of said accident, Plaintiff was injured.

36. As a result of said accident, Plaintiff was seriously injured.

37. As a result of said accident, Plaintiff was permanently injured.

38. As a result of said accident, Plaintiff suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

39. As a result of said accident, Plaintiff suffered economic loss and in the future shall continue to suffer from same.

40. As a result of said accident, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

41. As a result of said accident, Plaintiff was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

42. As a result of the foregoing, Defendants are liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

43. Pursuant to Article 21 of the Montreal Conventions, Defendants cannot meet their burden of proving that its negligence did not cause or contribute to the accident and the resulting injuries to Plaintiff.

44. Pursuant to Article 21 of the Montreal Convention, Defendants cannot meet their burden of proving that the injuries suffered by Plaintiff were caused solely by the acts of third parties.

**WHEREFORE**, Plaintiff demand judgment against Defendants, ENDEAVOR AIR, INC. d/b/a DELTA CONNECTION and DELTA AIR LINES, INC. in an amount to be determined at trial, together with interest, costs, and disbursements of this action.

## JURY DEMAND

Plaintiffs demand a jury of eight (8) persons for all claims stated.

Dated: September 9, 2022                BOHRER & LUKEMAN

_____
Abram I. Bohrer, Esq. (AB4336)
David A. Zeitzoff, Esq. (DZ9036)
BOHRER & LUKEMAN
5 Columbus Circle, Suite 1501
New York, New York 10019
(212)406-4232
*Attorneys for Plaintiff*